UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, NEWARK VICINAGE
CIVIL CASE NUMBER: 2:22-cv-00736-JXN-ESK
_____X

Dr. and Mrs. Stephen Francis and
Joyanne Louise Schoeman,

    The Plaintiffs pro se

v.

President Judge Mark P. Ciarrocca, Assignment Judge
Lisa M. Walsh, Superior Court Judge John G. Hudak,
Clerk of the Court, and All of the Superior Court of
New Jersey, Union County Vicinage, Law Division,

    The Defendants

MEMORANDUM OF LAW
AS TO SUPERIOR COURT
OF NEW JERSEY, UNION
COUNTY VICINAGE, LAW
DIVISION AS TO
DOCKET NUMBER: UNN-L-2870-23

IN OPPOSITION TO DEFENSE
COUNSEL'S MOTION TO DISMISS
2:22-cv-00736-JXN-ESK

_____X

MULLANE V. CENTRAL HANOVER BANK & TRUST CO., 339 U.S. 306 (1950),

"…'(t)he fundamental requisite of due process of law is the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 234 U.S. 394. This right to be heard has little reality or worth unless one is informed that the matter is pending and can chose for himself whether to paper or default, acquiesce or contest."

JONES V. FLOWES, 537 U.S. 220 (2006)

"Further reasonably steps if any were available" must be taken by governmental agencies in order to provide adequate notice the pending proceeding! "We think there were several reasonable steps the State could have taken" in order to provide adequate notice of the pending proceeding!

In this DOCKET CASE NUMBER: UNN-L-2870-23 as in DOCKETED CASE NUMBER: UNN-L-3186-23 and DOCKET NUMBER: UNN-L-3187-23 and UNN-L-3124-23 and in UNN-L-2871-23 the proviso of ADEQUATE NOTICE was impermissible, that is, unconstitutionally under the Due Process and Equal Protection of the Law Clauses, "Privileges or Immunities" clause, First Section, Fourteenth Amendment, Constitution of the United Stats of America in that:

UNN-L-3870-23, no copy of the final order dismissing their complaint was ever received but the Plaintiffs pro se in time for them to appeal or to file a motion to reconsider!

UNN-L-2871-23, no copy of the final order dismissing their complaint was ever received by the Plaintiffs pro se in time for them to appeal or to file a motion to reconsider!

UNN-3186-23, no adequate notice of the scheduled oral argument was ever received by the Plaintiffs pro se and hence their Complaint was dismissed for want of appearance!

UNN-L-3187-23, no coy of the final order dismissing their complaint was ever received by the Plaintiffs pro se in the FULL time for them to appeal or to file a motion to reconsider! That is to say, the DATE for appeals and the DATE for motions to reconsider RUN not from receipt of the final order but from ENTRY of the final order! RULE 2:4-1, "Appeals from final judgments of courts shall be filed within 45 days of their entry, except for the executions listed in R. 2:4-1." New Jersey Courts, "Guide to Completing Appeals Forms"

UNN-L-3124-23, no copy of the final order dismissing their complaint was ever received by the Plaintiffs pro se in time for them to appeal or to file a motion to reconsider!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

## THE FACTS

The Plaintiffs' pro se Complaint duly docketed by defendant Clerk as UNN-L-2870-23 was finally decided by the Plaintiffs pro se, alas, never did receive even a copy of the final order dismissing their said Complaint from the defendant Superior Court or from the defendant Clerk.

That is, until well past the statutory date from commencing an appeal and for moving for reconsideration of the aforementioned final order!

That is to say, the time period for an appeal is ONLY 45 days. Rule 2:4-1, Rules Governing The Courts of the State of New Jersey.

And the time period for a motion to reconsider is even more narrow at ONLY 20 days!
Rule 4:49-2, Rules Governing The Courts of the State of New Jersey

The time period specified is measure from the DATE OF ENTRY of the final order! "Guide to Completing Appeals Forms".

Arguendo, even if the Plaintiffs pro se had by duly notified of the said final order dismissing their complaint IN TIME to file an appeal, the cost of appealing would for them be prohibitive given that Social Security is almost their exclusive source of income! They being fully retired at their advanced ages are not at all prepared to work again for or without financial compensation!

Appellate Court Filing Fees (New Jersey Courts as of May 17,2024, website):

Notice of Appeal, $250
Motion for Leave to Appeal (MLA), $50
Post Judgment Motion, $50
Transcript Delivery Fees, Standard (30 Days), $4.68
Copy per page, $0.78
GRAND TOTAL: $354.68, not including the copies per pages which could very well amount into the many hundreds of dollars given the enormous amount of written materials and evidence that we the Plaintiffs presented and submitted in the matter! The Plaintiffs pro se roughly estimate the number of pages at more than 400 pages for an astounding transcript copy per page $312, astounding to the Plaintiffs pro se because, to repeat for emphasis, they live almost exclusively on Social Security!

Nor would the Plaintiffs pro se have had any choice in the matter as then would not have qualified for what New Jersey Courts calls "fee wavier". New Jersey Courts, "You need to buy a transcript or recording of your case" for an appeal! The Defendants and their defense

attorneys claim that the Plaintiffs were notified of the said final judgment by means of eJacket of New Jersey Courts.

But the question of excessive court fees is another matter of Due Process of Law and Equal Protection of the Laws that too is a basis of this appeal herein to the United States District Court, District of New Jersey, Newark Vicinage.

BUT THE CENTRAL POINT IS THIS: AND TO REPEAT AGAIN FOR EMPHASIS: THE PLAINTIFFS PRO SE WERE NEVER PROVIDED BY EITHER THE DEFENDANT SUPERIOR COURT OR BY THE DEFENDANT CLERK OF THE COURT WITH A COPY OF SAID FINAL ORDER DISMISSING THEIR COMPLAINT AFOREMENTIONED.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

MAKING MATTERS EVEN WORSE, HOWEVER, WAS THE REFUSAL OF THE DEFENDANTS EVEN TO ACKNOWLEDGE THE MANY INQUIRES AND REQUESTS AND RESPECTFUL DEMANDS MADE BY THE PLAINTIFFS PRO SE TO THE DEFENDANT PRESIDING JUDGE MARK P. CIARROCCA AND THE DEFENDANT CLERK FOR THE STATUS OF DOCKET NUMBER: UNN-I-3870-23! LET ALONE THE ANSWER!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Mullane, infra, and Jones, infra, are very clear: Governmental agencies MUSt give ADEQUATE NOTICE of their various proceedings by any and all practicable means presently available to government such as USPS, tacking on the front door, and telephoning!

But defense counsel claim, allege, argue that their defendants did, in fact, provide a copy of said final order dismissing the Plaintiffs' pro se Complaint.

However, and to repeat what the Plaintiffs pro se numerous times in prior Memoranda of Law stated and argued is:

ONE: It is not at all mandatory under New Jersey Court rules for the Plaintiffs pro se to access and use eJackets of New Jersey Courts! NOT AT ALL!

TWO: We the Plaintiffs pro se are what are called "dinosaurs" as we have no cell phone, "smart phone", "lap" top, or other "devices"!

THREE: We had never ever thought that anything as important as a final order or judgment from a court-of-law would be sent to us by email and that we would have to use email to find out about such an important court action!

FOUR: Defendants cannot assume or presume or think, in fact, that all people in New Jersey or elsewhere in the country or redound the world have a computer or other such "device" or know how to use one or care to know how to use one or can learn how to use one!

FIVE: Please note: According to the authoritative and highly respected Pew Research Center, "Digital divide persists even and Americans with lower incomes make gains in tech adoption", June 22,2021, "Americans with lower incomes have lower levels of technology adoption. Roughly a quarter of adults with household incomes below $30,000 a year (24%) say they don't own a smartphone. About four-in-ten adults with lower incomes do not have home broadband services (43%) or a desk tope computer (41%). And a.majority of Americans with lower incomes are not tablet owners. By comparison, each of these technologies is nearly ubiquitous among adults in household earning $100,000 or more year. Americans with higher

household incomes are also more likely to have multiple devices that enabler them to go online."

IS IT OR IS IT TO BE THE POLICY OF DEFENDANTS AND NEW JERSEY STATE GOVERNMENT THAT ALL RESIDENTS OF NEW JERSEY AND ALL OTHER PERSON IN NEW JERSEY OR VISITING NEW JERSEY OR GUESTS IN NEW JERSEY MUST USE A COMPUTER OR OTHER SUCH "DEVICE" IN ORDER TO COMMUNICATE WITH THEM?

THAT THE ONLY WAY PLAINTIFFS PER SE AND ALL OTHER PEOPLE MAY KNOW ABOUT FINAL ORDERS OR JUDGMENT IS BY MEANS OF WHAT DEFENDANTS CALL "eJacket"?

THAT WITHOUT SUCH A "DEVICE" OR "DEVICES" IT IS PERFECTLY APPROPRIATE, PEACHY KEEN, A-OKAY FOR THESE AFOREMENTIONED PEOLE TO BE "KEPT IN THE DARK", SO TO SPEAK ABOUT SUCH IMPORTANT COURT ACTIONS AS A FINAL ORDER OR A FINAL JUDGMENT OR NOTIFICATION OF SOME PROCEEDING SUCH AS A PHYSICALLY-TO-BE-HELD-IN-COURT ORAL ARGUMENT?

SIX: Furthermore and of TOP IMPORTANCE, the Plaintiffs pro se upon their physician's strong advice ARE NOT VACCINATED against the novel coronavirus and, therefore, they have repeatedly advised Defendants that it is not at all advisable for them to appear PHYSICALLY in Defendants' Union County Courthouse, 2 Broad Street, Elizabeth, New Jersey 07207

IN SHORT, and to paraphrase Elvis Presley's most famous song of all his famous songs and there were, fortunately, many of them, "DON'T BE CRUEL DEFENDANTS" and demand and expect that we the Plaintiffs pro se or anybody else MUST on pain of whatever have a computer or other "device" in order to find out a thing about anything involving Defendants' actions or inactions towards them!

THAT IT IS A GROSS VIOLATION OF PROCEDURAL DUE PROCESS AND AS WELL EQUAL PROTECTION OF THE LAWS TO DEMAND AND EXPECT THAT ALL PEOPLE HAVE ONE OF THESE SO CALLED "DEVICES" IN ORDER TO TRANSACT "BUSINESS", ANY "BUSINESS" AT ALL WITH THE DEFENDANTS OR WITH OTHER JUDGES AND OTHER COURT OFFICIALS ANYWHERE ELSE IN THE STATE OF NEW JERSEY!

BUT IT IS NOT AT ALL EQUITABLE AS A MATTER OF LAW, COMMON SENSE, SOUND JUDGMENT, JURISPRUDENCE, WISDOM, SENSITIVITY, COMPASSION, UNDERSTANDING, THOUGHT, EMPATHY, FEELING, RESPECT TO DEMAND AND EXPERT THAT EVERYONE IN THE PHYSICAL ENTIRETY OF THE GARDEN STATE MUST NOT ONLY OWN A COMPUTER OR SOME SUCH "DEVICE" BUT MUST ON PAIN OF SOME SORT OF ADVERSITY SUFFER FOR NOT HAVING A COMPUTING, OWNING A COMPUTER, RENTING A COMPUTER, USING A COMPUTER OR OTHER SUCH "DEVICE"!

What, then, THE RULE OF LAW, for those who do not have or want to have or cannot for financial reasons have one of these newfangled so called "devices"?

After all, life, human life, all other life, has gone on for untold numbers of years WITHOUT these so called "technological marvels" and SHALL so continue to do so!

We the Plaintiffs pro se bring to the fore the famous but scary science fiction short story "The Machine Stops" (1909) by famous English author E. M. Forster (1879-197) known for his "A Room with a View" (1908), "Howards End" 91910), and "A Passage to India" (1924). He co-authored the famous and popular opera "Billy Budd" (1951)!

"The Machine Stops" is a frightening tale about a giant machine equivalent to day's Internet! Human beings live underground where they depend upon this giant machine to provide for all their needs! All human beings other than a relative few who live aboveground lost their ability to live on the Earth's surface! IMAGINE! These people now living underground live very isolated lives in standard rooms. All their physical and all their spiritual needs are served by this giant machine's instant messaging and video conferencing capabilities! The people ONLY conduct their lives by means of this giant and outrageously over-arching machine!

The giant machine prohibits the people from using respirators to list the Earth's surface!

The giant machine becomes a religion called "MECHANISM" and becomes THE object of worship by the people so very beholden to the giant machine!

The people have forgotten that they had created this giant machine and now believe that it is a mystical entity and that the machine is more important than they are in terms of needs!

That people who do not accept the "Machine" as a god are considered "unmechanical" and so are being threatened with "Homelessness"!

The "Mending Apparatus" which repairs any and all defects in the "Machine" has failed. People, however, are not concerned because they truly believe that the Machine is so omnipotent that nothing at all can ever go wrong with the Machine in any respect at all!

But then come problems with the "Machine" which the people first believe to be but a whim of the "Machine" and they are so subservient to the "Machine" that they do not think overuse.

But the "Machine" continues unabated to break down and no one knows how to repair the "Machine" because the knowledge needed to repair it has been lost!

The "Machine" eventually fails totally and the result is the end of so called "civilization"!

BUT, and this is perhaps the most important point or message or theme or. moral or lesson of this searing commentary on modern-day life, the life of machines! Those people who remained upon the surface of the Earth SHALL restore humankind AND PREVENT YET ANOTHER "MACHINE" FROM EVER BUT EVER BEING USED AGAIN!

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Are we as a society, people, country, nation under God, Republic, State of New Jersey, world now entering that phase of human existence where the INTERNET is that "MACHINE" or are there still those brave souls who do not believe in the "MACHINE" as not only not a way of life but not THE way of life?

Are we, all of us, to be told by the Defendants and the State of New Jersey and New Jersey Courts that we MUST but MUST use the "Machine" a la the Internet or else we shall be sent into "Homelessness", to Siberia, to the Gulag, to the coldest spot in Northern Alaska or Manitoba or Maine?

That henceforth all of us, each of us, MUST "on pain of death", so to speak, have and use the "Machine" in the guise of "the Internet"?

That despite financial inability all people must have and use it?



That there may not, must not ever be at all any exceptions to the rule that states "You must have and use a computer if you want to communicate with us or transact any business at all with us!"

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

WITH YET AGAIN UTMOST DUE RESPECT to the Defendants herein, how cruel and inequitable of you to expect us, to demand that we have a computer or some such other "device" and MUST but MUST use it to communicate with you, transact business with you, find out what you are or not doing with any one or more than any one or for that matter all of our "docketed" cases before you, any one of you, more than any one of you, even all of you!

We the Plaintiffs pro se, THEREFORE, submit in most respectful argumentation that it is and must be impermissible to demand that we MUST use a computer some such other newfangled device in order to find out the status or lack of status of one or more or of all of our various "docketed" cases before you!

That, to repeat, it is a direct and gross and intentional and purposeful and most well thought out aforethought of the Due Process of Law and Equal Protection of the Law under the famous "privileges or immunities" cause of Section One of the Fourteenth Amendment to the Constitution of the United States of America and as well the Constitution of the State of New Jersey   that henceforth in this Universe of ours the ONLY means for learning a thing about what a court-of-law is "doing" with a "case" is by, through, and with a "computer" or other such "device"!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

And yet, and again with utmost due respect to them, the Defendants would have themselves believe let alone the Court belief that the ONLY way for we the Plaintiffs pro se to receive any and all communications from the Defendants is by, with, and through the means of what the Defendants among others in the Judiciary of the State of New Jersey call or refer to or label "eJacket"!

That is, "eJacket" not in terms of some excellent jacket attire but "eJacket" as in THE ONLY MEANS EVER AT ALL FOR ANY COMMUNICATION OR COMMUNICATIONS AT ALL WITH THE DEFENDANTS BY THEM TO THEM!

But, yet again with utmost due respect to the Defendants, it is simply preposterous, even let's say "arrogant" or "haughty" or perhaps even somewhat if more than that "condescending" to expert and to demand that we the Plaintiffs pro se and we do not at all stand alone, Pew Research Center, ibid, in our let us say "revulsion" with a modern technology such as this one that famous English author E. M. Forster, ibid, so strongly and soundly and searingly rebuked in his apparent and real disgust for some if not most of the ways of so called modern society!

We stand with E. M. Forster, not at all with the Defendants in these respects, please note!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

TO THIS VERY DAY WE THE PLAINTIFFS PRO SE HAVE YET DESPITE OUR MANY RESPECTFUL INQUIRIES, REQUESTS, DEMANDS NOT RECEIVED IN HAND FROM ANY AND ALL OF THE DEFENDANTS EVEN ONE COPY OF THE SUPPOSED FINAL ORDER IN THIS DOCKETED CASE DISMISSING OUR COMPLAINT HEREIN!

BUT WELL PAST THE STATUTORY LIMITS FOR FILING AN APPEAL AND FOR FILING A MOTION TO RECONSIDER DEFENSE COUNSEL FINALLY TODDLED ALONG WITH A SUPPOSED COPY OF SAID FINAL ORDER!

BUT THE VALIDITY OF ANY COPY OF A FINAL ORDER OR FINAL JUDGMENT OR ANY OTHER OFFICIAL ACT OF A COURT-OF-LAW MUST BE ESTABLISHED BY IT BEING SENT NOT BY DEFENSE COUNSEL OR ANYONE ELSE BUT ONLY BY THE ISSUING JUDGE OR JUSTICE!

THAT, AND ESPECIALLY IN THE ADVERSARIAL PROCESS AND SYSTEM, VALIDITY OF COPY IS SO VERY ESSENTIAL, SO VERY VITAL, YET SO VERY MUCH, ALAS, IN DOUBT IN THIS WORLD, ALAS, OF SCAMS, DISGUISES, AND ALL SORTS OF OTHER SUCH PURPOSEFUL DISHONESTIES!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

THAT IS TO SAY, AND AGAIN WITH UTMOST DUE RESPECT, IT IS THE CONSTITUTIONAL, LEGAL, ETHICAL, MORAL, PROFESSIONAL RESPONSIBILITY OF THE COURT-OF-LAW, NOT AT ALL OF THE DEFENSE COUNSEL, TO SUPPLY THE VALID COPY OF THE FINAL ORDER, THE FINAL JUDGMENT, OR ANY OTHER SUCH OFFICIAL ACT BAR NONE OF THE COURT-OF-LAW!
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

That is to say furthermore, it is THE responsibly of the court-of-law which, of course, is the governmental agency charge with the administration AND application of The Law to provide ADEQUATE NOTICE of its works and not at all the responsibility of defense counsel, especially in the Adversary System where the likelihood or potential for skulduggery is very well apparent!

For as one of history's most eminent of eminent judges Senior Lord of Appeal in Ordinary Thomas Henry Bingham, Barron Bingham of Cornwall, who was instrumental in establishing the Supreme Court of the United Kingdom to replace the ancient and traditional and customary and historic role of the House of Lords as the highest appellate court for England, Wales, and Northern Ireland, Scotland, of course, long having had its own independent judicial and legal systems, wrote for the Judicial Committee of the United Kingdom Privy Council (UKPC), in the case of Singh v. The State (Trinidad and Tobago), case number 35, August 3,2005,

"It may be that the jury would incline to regard a practicing lawyer as a man of probity whose word was prima facie worthy of belief. But the brief of lawyers in their own probity is not universally shared, and there are those who believe them too e capable of almost any chicory or sharp practice."

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

In short and yet again with utmost due respect, it behooves defense council, knowing full well the statutory limitations of periods of time for filing an appeal and for filing a motion to reconsider somehow not to provide a copy of the final order dismissing the complaint until past or well past those periods of time!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

THEREFORE,

We, the Plaintiffs pro se, in sum argue and respectfully so that we were for the many reasons given herein and heretofore to the Defendants been purposefully, intentionally, and with very considerable aforethought, denied our ABSOLUTE rights to DUE PROCESS and to EQUAL PROTECTION OF THE LAWS under the "privileges or immunities" clause of Section One of the Fourteenth Amendment to the Constitution of the United States of America because without a VALID copy of the final order in the above-docket case FROM the Defendants we were NOT at all given the time either to appeal said final order or to move to have said final order reconsidered under The Rules of Court of the State of New Jersey under Rule 2:4-1 as to appeals and Rule 4:49-2 as to motions to reconsider and where there is no clerical error!

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

CERTIFICATION OF SERVICE

We. Dr. and Mrs. Stephen Francis and Joyanne Louise Schoeman, the Plaintiffs pro se herein, residing at 101 Jefferson Avenue, Westfield, New Jersey 07090, do hereby certify under all of the penalties provide by law for perjury that today, May 18,2024, we duly deposited one (1) copy each of this Memorandum of Law with the United States Postal Service, Westfield, New Jersey for CERTIFIED DELIVERY RETURN RECEIPT REQUESTED to the following persons at their respective official addresses of record:

Defense counsel VorisM. Tased, Jr., Capehart & Scatchard, P.A., Suite 300 S., 8000 Midlantic Drive, Mt. Laurel, New Jersey 080054

Clerk, United States District Court, District of New Jersey, Newark Vicinage. 50 Walnut Street, Newark, New Jersey 07102

DATED: May 18,2024  _____
Dr. and Mrs. Stephen Francis and Joyanne Louise Schoeman

