

Voris M. Tejada
856.840.4921
vtejada@capehart.com
Fax: 856.235.2786

June 10, 2024

*VIA E-FILING*
The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court - District of New Jersey
Newark Vicinage
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

  Re: **Francis, et al. v. Judge Mark P. Ciarrocca, et al**
     Case No. 2:24-cv-00736-JXN-ESK
     Our File No. 8794-63261

Dear Judge Neals:

  This office represents Defendants, Hon. Mark P. Ciarrocca, P.J.Cv.; Hon. Lisa Miralles Walsh, A.J.S.C.; Michelle Smith, Clerk of the Superior Court; Superior Court of New Jersey, Union Vicinage; and Hon. John G. Hudak, J.S.C. (collectively, "Defendants"), in the above-referenced matter. Currently pending before Your Honor is Defendants' Motion to Dismiss, which is returnable June 14, 2024. Since the filing of Defendants' Motion on May 14, 2024, the undersigned has received, and continues to receive, an extensive number of paper mailings directly from Plaintiffs, as well as electronic notices of papers filed with the Court by Plaintiffs. Defendants respectfully request that Your Honor accept this letter in lieu of a more formal reply brief in support of Defendants' Motion to Dismiss.

  As an initial matter, it is unclear which, if any, of the dozens of submissions made by Plaintiffs are intended to constitute opposition to Defendants' Motion. What <u>is</u> clear is that Plaintiffs have chosen to continue the course of vexatious conduct they started at the state-court level. Nevertheless, all of Plaintiffs' submissions suffer from the same deficiencies. First, those submissions are composed exclusively of (1) incoherent ramblings on subjects as various as religion, philosophy and history; (2) criticisms of the legal profession at large; and (3) unprovoked personal attacks on Defendants and their counsel. To the extent Plaintiffs' submissions do address the subject of this lawsuit, they simply repeat the allegations of their Complaints (that they were not provided notice of the Orders dismissing their three state-court lawsuits). Importantly, **Plaintiffs utterly fail to address the arguments raised by Defendants in their Motion**.

  As set forth in Defendants' Motion, Plaintiffs' Complaint should be dismissed for a variety of reasons. First, Plaintiffs' Complaint should be dismissed under the abstention doctrine. Plaintiffs effectively seek appellate review of state-court orders, while inviting interference with ongoing state judicial proceedings.  Under these circumstances, both <u>Rooker</u>-<u>Feldman</u> abstention and <u>Younger</u> abstention apply to deprive this Court of jurisdiction, requiring the dismissal of Plaintiffs' Complaint.

  Secondly, Defendants are entitled to judicial and quasi-judicial immunity in connection with actions taken as part of their official functions.  Here, Plaintiffs allege the Defendant judges, clerk and court failed to provide them with notice of the Orders dismissing Plaintiffs' three state-court lawsuits.

The Honorable Julien Xavier Neals, U.S.D.J.
Our File No. 8794-63261
June 10, 2024
Page 2

Any such action or inaction by Defendants, which is denied, falls squarely within the scope of the aforementioned immunities, providing a separate basis for the dismissal of Plaintiffs' Complaint.

Next, Eleventh Amendment sovereign immunity applies to bar Plaintiffs' suit. Defendants are not "persons" subject to suit under 42 U.S.C. § 1983. Rather, Defendants are agents (or agencies) of the State, rendering them immune from any suits against them in their official capacities.

While no additional bases for dismissal are required, Plaintiffs' Complaint also fails to state a claim for violations of procedural due process. As set forth in further detail in Defendants' Motion, Plaintiffs failed to (1) file Motions for Reconsideration, arguing that the time to do so should be relaxed or extended under the circumstances; (2) file Motions to Vacate the Orders at issue; or (3) seek leave to appeal the Orders out of time. As such, they failed to avail themselves of remedies available at the state level. Their due process claims thus fail as a matter of law.

With regard to Plaintiffs' Fifth Amendment due process claim, that provision applies only to federal actors, not state actors. Here, the Defendant state-court judges, state-court clerk and state court itself are all state actors, rendering the Fifth Amendment inapplicable to them. Plaintiffs' Fifth Amendment due process claim thus fails.

Lastly, Plaintiffs' claims against the Superior Court Clerk fail because they do not allege any personal involvement by her in the acts complained of. As set forth in Defendants' Motion, respondeat superior and vicarious liability do not provide a basis for liability under 42 U.S.C. § 1983. Liability under that statute instead requires personal involvement. Because Plaintiffs do not allege personal involvement by the Clerk in the acts complained of, their claims against her fail as a matter of law.

For all these reasons, which have gone unaddressed in Plaintiffs' numerous filings, the Court should grant Defendants' Motion, dismissing Plaintiffs' Complaint and Amended Complaint with prejudice. Thank you.

    Respectfully submitted,
    CAPEHART & SCATCHARD, P.A.
    */s/ Voris M. Tejada, Jr.*
    Voris M. Tejada, Jr.

VMT/ajd
cc:    Dr. and Mrs. Stephen Francis
    101 Jefferson Avenue
    Westfield, NJ 07090

    Joyanne Louise Schoeman
    101 Jefferson Avenue
    Westfield, NJ 07090

    (all via certified mail R.R.R. and regular mail postage prepaid)

13082585