# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. and MRS. STEPHEN FRANCES and JOYANNE LOUISE SCHOEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDING JUDGE MARK P. CIARROCCA, ASSIGNMENT JUDGE LISA M. WALSH, AND CLERK, ALL OF THE SUPERIOR COURT OF NEW JERSEY, UNION COUNTY VICINAGE, LAW DIVISION, AND JUDGE JOHN G. HUDAK,<br><br>Defendants. | Civil Action No. 24-00736 (JXN) (ESK)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Presiding Judge Mark P. Ciarrocca, Assignment Judge Lisa M. Walsh, and Clerk of the Superior Court of New Jersey ("the Clerk"), Union County Vicinage, Law Division, and Judge John G. Hudak's (collectively, "Defendants") motion to dismiss *pro se* Plaintiffs Stephen Francis Schoeman and Anne Louise Schoeman's ("Plaintiffs") Original Complaint (ECF No. 1) ("Complaint" or "Compl.") and the Amended Complaint (ECF No. 4) ("Amended Complaint or "Am. Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 22). The Court has considered the submissions made in support of and in opposition to the motion[1] and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

---

[1] The Court notes Plaintiffs' filings total over 110 submissions related to their opposition (ECF No. 25), to Defendants' motion to dismiss. Plaintiffs have also sent numerous additional paper filings, which have been indexed and docketed by the Court (*See* ECF No. 144). The Court further notes that Plaintiffs are in violation of the Court's Text Order from July 8, 2024, (ECF No. 138), which ordered, "Plaintiffs shall not file any additional materials related to the pending

1

For the reasons set forth below, Defendants' motion to dismiss (ECF No. 22) is **GRANTED**; and Plaintiffs' Complaint (ECF No. 1) and Amended Complaint (ECF No. 4) are **DISMISSED with prejudice.**

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 7, 2024, Plaintiffs filed the Complaint. (ECF No. 1). Therein, Plaintiffs allege that they did not receive notice of three orders entered by the state court, which dismissed Plaintiffs' separate state court lawsuits.[2] (*See generally* Compl.) Due to this alleged failure to provide Plaintiffs with notice of these state court orders, Plaintiffs assert due process claims under the Fifth and Fourteenth Amendments, against the Defendant judges, the Clerk of the Superior Court of New Jersey and the Superior Court of New Jersey, Union County.[3] (*Id.*) On February 14, 2024, Plaintiffs filed their Amended Complaint, which only added Superior Court Judge John G. Hudak ("Judge Hudak") as a defendant.[4] (*See* Am. Compl.). On May 14, 2024, Defendants filed a motion to dismiss. (*See* ECF No. 22).

---

motion to dismiss, as well as any other matters, without first requesting and obtaining the Court's approval…Plaintiffs are reminded that this matter may be dismissed for failure to comply with Court orders." (ECF No. 138).

[2] The Court takes judicial notice of the three state court dockets and the Orders entered thereon. *See, e.g.*, *In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (when deciding a motion to dismiss, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (quoting *Southern Cross* and stating "public documents and prior judicial proceedings may be considered in deciding a motion to dismiss.")

[3] The Court is in receipt of a letter submitted by Plaintiffs, dated October 29, 2024, in which Plaintiffs advise the Court that Plaintiffs "terminate [their] participation as pro se Plaintiffs [in] this matter."

[4] The Amended Complaint does not repeat, refer to or otherwise incorporate the allegations set forth in the original Complaint. (*See* Defs.' Opp. Br. at 5). However, in liberally construing the Amended Complaint, it is more appropriately considered a supplement to the initial Complaint. *See Dukes v. Lancer Ins. Co.*, No. 08-4948, 2009 WL 3128467, at *1 n.2 (D.N.J. Sept. 24, 2009), *aff'd as modified*, 390 F. App'x 159 (3d Cir. 2010) (considering *pro se* plaintiff's "amended complaint" as a motion to supplement given the document's defects and given that the court was "construing the relationship between these two documents broadly…."). Accordingly, in light of Plaintiffs *pro se* status, the Court will consider the initial Complaint, (ECF No. 1), and the "Amended Complaint" (ECF No. 4), together—considering the Amended Complaint only adds a defendant. Collectively, these documents will be referred to as "the Complaint."

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, [ ] apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an averment that "jurisdiction is lacking based on facts outside of the pleadings. . . ." *Smolow*, 353 F. Supp. 2d at 566 (citation omitted). In a "facial" attack, the court must "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citations omitted). On a "factual" attack, the Court may "weigh and consider evidence outside the pleadings" and no "presumptive truthfulness attaches to the plaintiff's allegations." *Id.* at 346 (citation and internal quotations and ellipses omitted). In both scenarios, the plaintiff bears the burden of proving jurisdiction. *Id.*

### B. Rule 12(b)(6)

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

3

Pro se complaints are liberally construed and held to less stringent standards than pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pro se litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts."); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (citation omitted).

Defendants assert several bases for dismissal of Plaintiffs' Complaint: (1) Plaintiffs lack subject matter jurisdiction under the *Rooker-Feldman* and *Younger* abstention doctrines; (2) Defendants are entitled to judicial and quasi-judicial immunity; (3) Sovereign Immunity; (4) Plaintiffs fail to state a claim for violations of procedural due process; and (5) Plaintiffs' Fifth Amendment claim fails as a matter of law. (*See generally*, Defendants' Opposition Brief ("Defs.' Opp. Br."), ECF No. 22-2).

The Court addresses these arguments in turn.

### III.  ANALYSIS

#### i.  The *Rooker-Feldman* and *Younger* Abstention Doctrines

"The *Rooker-Feldman* doctrine prevents district courts from mistakenly relying on their original jurisdiction to engage in appellate review of state-court orders." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635,

4

644 n. 3 (2002) ("The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court…"); *Gittens v. Kelly*, 790 F. App'x 439, 440 (3d Cir. 2019) (per curiam) ("The *Rooker-Feldman* doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication."); *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (a losing state-court party is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates the loser's federal rights."); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 622 (1989) ("The *Rooker-Feldman* doctrine interprets 28 U.S.C. § 1257 as ordinarily barring direct review in the lower federal courts of a decision reached by the highest state court, for such authority is vested solely in this Court.")).

"The doctrine's namesake cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—supply four conditions, which, when all satisfied, require the dismissal of a claim for lack of jurisdiction." *Merritts*, 62 F.4th at 774 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Great W. Mining & Min. Corp. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). "[T]he necessary conditions for dismissal on *Rooker-Feldman* grounds are the following:

> (1) The federal plaintiff must lose in a state-court judicial proceeding;
>
> (2) The state-court judgment or decree must be rendered before the federal action was filed;
>
> (3) The federal plaintiff must invite the review and rejection of the state court judgment; and
>
> (4) The federal plaintiff must complain of injuries caused by the state-court judgment.

*Great W. Mining & Min. Corp.*, 615 F.3d at 166 (internal citations omitted).

Here, Plaintiffs were unsuccessful in the three state actions—the orders for which they allege they did not receive notice of—dismissed their complaints. (*See* Certification of Voris M. Tejada, Jr., Esq., ("Tejada Cert.") Exs. D, E, and F, ECF No. 22-1). The orders dismissing Plaintiffs state court complaints were entered on November 17, 2023, January 9, 2024, and January 19, 2024 (*Id.*); prior to Plaintiffs initiating this action on February 7, 2024. (*See* Compl.) Plaintiffs' Complaint explicitly invites the Court to vacate these three state court orders which undoubtedly falls within *Rooker-Feldman*. *See Great W. Mining & Min. Corp.*, 615 F.3d at 173. Plaintiffs' claims do not complain of injuries caused by the underlying substantive state court judgments, however, but rather seeks a remedy for the "legal injury caused by the adverse party"—the alleged failure of the Defendants to provide Plaintiffs with notice of the entry of said orders. (*See generally*, Compl.) Plaintiffs' alternative requested relief further supports the conclusion that *Rooker-Feldman* is not applicable; Plaintiffs request either forty-five (45) days to appeal the final orders, or ten (10) days to move for reconsideration of the three state court orders. (*See generally*, Compl.); *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (citing *Great W. Mining & Min. Corp.*, 615 F.3d at 169). Such relief is not based on the underlying state court judgment, but rather on Defendants' alleged failure to provide Plaintiffs with notice of the aforementioned state court orders. Plaintiffs' claims do not constitute a jurisdictional bar to federal review because Plaintiffs do not assert that the "state-court decisions were incorrect" but rather that "people involved in the decision violated some independent right." *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (citing *Great W. Mining & Min. Corp.*, 615 F.3d at 172). Accordingly, here, the *Rooker-Feldman* doctrine does not present a jurisdictional bar to federal review. *Great W. Mining & Min. Corp.*, 615 F.3d at 173 (holding *Rooker-Feldman* doctrine inapplicable where plaintiff challenged actions of defendants and

6

Pennsylvania judiciary, not the state court decision itself, and thus state court decision would not have to be rejected for plaintiff to prevail).

Defendants assert that to the extent the Court finds *Rooker-Feldman* inapplicable to Plaintiffs state court cases, Plaintiffs' Complaint should still be dismissed under *Younger* abstention.[5] (Defs.' Opp. Br. at 8).[6]

"[A] federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). *Younger* abstention is an exception to that rule that applies when certain types of state proceedings are ongoing at the time a federal case is commenced. *Id.* The *Younger* exception is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citations omitted). Younger abstention only applies in three "exceptional circumstances:" (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 82 (cleaned up).

---

[5] "Strictly speaking, *Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)." *See Yarborough v. Johnson*, No. 18-2688, 2018 WL 6567701, at *1 (D.N.J. Dec. 12, 2018) (quoting *Knox v. Union Twp. Bd. of Educ.*, No. 13-5875, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015)). That said, "[d]ismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992). *See also Smith & Wesson Brands, Inc. v. Attorney General of New Jersey*, 27 F. 4th 886, 890 n.1 (3d Cir. 2022) ("*Younger* is an abstention doctrine that instructs federal courts not to exercise jurisdiction they possess.") (citing *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (considering whether the District Court should have abstained under *Younger* after concluding that the Court had jurisdiction).

[6] Defendants note that two of the three state court actions are still active as to certain defendants who did not file motions to dismiss, and were therefore, not included in the state court orders dismissing Plaintiffs' respective state court complaints against those non-moving defendants. (Defs.' Opp. Br. at 8).

7

Abstention serves two important purposes: (1) to promote comity, 'a proper respect for state functions,' by restricting federal courts from interfering with ongoing state judicial proceedings and (2) to restrain equity jurisdiction from operating when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm." *PDX North, Inc. v. Comm'r N.J. DOL & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (citations omitted). "[S]tate proceedings are 'ongoing' for *Younger* abstention purposes...if the state proceeding 'was pending at the time [the plaintiff] filed its initial complaint in federal court.'" *PDX*, 978 F.3d at 885 (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408-09 (3d Cir. 2005) (alteration in the original)).

Here, Defendants assert this case is within the third category of *Younger* abstention. (Defs.' Opp. Br. at 9). Whether the orders dismissing Plaintiffs' state court complaints were "uniquely in furtherance of the state courts' judicial function" is a close question. Supreme Court precedent is instructive. The Supreme Court has clarified that not all state court orders trigger abstention; they must be "*uniquely* in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 78 (emphasis added) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 368 (1989)). The two leading cases that involved such orders are *Juidice v. Vail*, 430 U.S. 327 (1977) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). In *Juidice*, Plaintiffs asked the federal court to enjoin state contempt proceedings as unconstitutional. *Juidice*, 430 U.S. at 328–29. The Court abstained from adjudicating the dispute because the plaintiffs "had an opportunity to present their federal claims in the state proceedings." *Id.* at 337. *Pennzoil* held that federal courts should abstain from deciding the constitutionality of Texas's procedure for transferring property pursuant to a state court judgment. *Pennzoil*, 481 U.S. at 3, 17. According to the *Pennzoil* Court, *Juidice* dictated this result because both cases "involve[d] challenges to the

8

processes by which the State compels compliance with the judgments of its courts." *Id.* at 13–14. The *Pennzoil* Court provided two justifications: (1) "comity between the States and the National Government;" and (2) "to avoid unwarranted determination of federal constitutional questions." *Id.* at 11. "In both cases the substantive outcome had occurred; only enforcement remained, and the Supreme Court refused to impede that enforcement." *Smith & Wesson Brands, Inc.*, 27 F.4th at 894.

Here, *Younger* dictates the Court should abstain. As the Second Circuit observed after discussing *Juidice* and *Pennzoil*, "[w]e learn from these cases that federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022). Plaintiffs' requested relief seeks that the Court provide them with the time proscribed under the New Jersey Court Rules to appeal or move to reconsider the state court orders. Such orders fall within *Younger's* third category; this category recognizes states have important interests in "administering certain aspects of their judicial systems" and "enforcing the orders and judgments of their courts." *Pennzoil*, 481 U.S. at 12-13. Plaintiffs' federal action implicates the core state court civil administrative process, powers, and functions. Indeed, Plaintiffs challenge the process by which the state court enters and provides notice of its judicial orders, which precedent instructs should dictate abstention. Additionally, Plaintiffs challenge the orders of dismissal in the two ongoing state court cases; notwithstanding the pendency of the state court, only enforcement of these dismissal orders remain. Like *Juidice* and *Pennzoil*, here, the substantive outcome had occurred; the orders that Plaintiffs' challenge dismissed defendants or Plaintiffs complaint, therefore, only enforcement remains, which further dictates abstention by the Court.

The Court now turns to the three *Middlesex* factors. *See Hamilton v. Bromley*, 862 F.3d 329, 337 (3d Cir. 2017) ("*Sprint* makes clear that the *Middlesex* factors are only relevant in assessing whether *Younger* abstention is proper *after* a court identifies one of the three categories of proceedings identified in *NOPSI*.") (emphasis added). These factors are whether "there is (1) an ongoing state judicial proceeding [that] (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges." *Sprint*, 571 U.S. at 81 (cleaned up).

Here, Plaintiffs state court proceedings are civil in nature and two of the three lawsuits are active and pending. (See Defs.' Opp. Br. at 8 (citing Tejada Cert. Exs. A, B)). Plaintiffs ongoing actions implicate important state interests, predominantly—enforcing the orders and judgments of their courts. Additionally, Plaintiffs challenge the process by which the state court enters and provides notice of its judicial orders, which implicates core state court administrative processes. Plaintiffs have an adequate opportunity to raise any challenge—federal or state—related to the alleged lack of notice to these orders. Accordingly, the *Younger* abstention doctrine requires dismissal of Plaintiffs' Complaint and Amended Complaint.

For completeness, the Court addresses Defendants other asserted grounds for dismissal.

### ii. Defendants Are Subject to Judicial and Quasi-Judicial Immunity

Plaintiffs' claims against the Defendants must be dismissed because Defendants are entitled to absolute judicial or quasi-judicial immunity. "As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages." *Montana v. Connor*, 817 F. Supp. 2d 440, 445 (D.N.J. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *see also Trinh v. Fineman*, 9 F.4th 235, 237-38 (3d Cir. 2021) (quoting *Gallas v. Sup. Ct. of Pa.*, 211 F.3d

760, 768 (3d Cir. 2000)) ("The adjudicative function that judges perform requires that they be immune from suit for damages, for '[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.'"). Even "[e]rroneous, controversial, and even unfair decisions do not divest a judge of immunity." *Trinh*, 9 F.4th at 238 (citing *Gallas*, 211 F.3d at 769). Rather, judicial immunity is only overcome if (1) the Judge's "actions [are] not taken in the judge's judicial capacity," or (2) the judge's actions, even if judicial in nature, are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Trinh*, 9 F.4th at 238; *Azubuko*, 443 F.3d at 303. Employees of the court may also be absolutely immune from suit under the doctrine of quasi-judicial immunity for their actions in aid of the court. *See Gallas*, 211 F.3d at 772-73 (collecting cases) (affording quasi-judicial immunity to deputy court administrator who acted at the direction of the judge); *Lepre v. Tolerico*, 156 F. App'x 522, 525 (3d Cir. 2005) (affirming district court's grant of quasi-judicial immunity to family court officers who filed a petition to enforce a court order).

Here, Plaintiffs' allegations, even liberally construed, do not defeat judicial immunity. Plaintiffs' claims against Judges Ciarrocca, Walsh, and Hudak relate entirely to the Judges' respective state court dismissal orders issued by those Judges, which were issued in their respective judicial capacities. The Judicial Defendants did not act "in the clear absence of all jurisdiction" by entering the dismissal orders at issue. Consequently, Judges Ciarrocca, Walsh and Hudak are entitled to judicial immunity.[7] Additionally, quasi-judicial immunity dictates Plaintiffs Complaint

---

[7] Although not explicitly raised by Plaintiffs, to the extent Plaintiffs seek injunctive relief, such relief is not available against a judge under 42 U.S.C. § 1983. *See Chadwick v. Court of Common Pleas*, 244 F. App'x 451, 455 (3d Cir. 2007) (Noting that "Congress amended § 1983 in 1996 as part of the Federal Courts Improvement Act to provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'"); *see also Welch v. United States*, No. 21-10866, 2021 WL 4772110, at *3-4 (D.N.J. Oct. 13, 2021) (in order to overcome judicial immunity, a plaintiff must "properly plead[] that [the judge] violated a[] declaratory decree or that declaratory

11

be dismissed against the Clerk of the Superior Court of New Jersey. *See, e.g., Nemeth v. Office of the Clerk of the Superior Court*, 837 F. App'x. 924, 928 (3d Cir. 2020) (holding that the Clerk "is also entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk of the Superior Court."); *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 22-6623, 2023 WL 7151580, at *3 (D.N.J. Oct. 31, 2023) (holding that the Clerk's "actions taken in support of the Court and in her capacity as Clerk of the Court are protected by absolute quasi-judicial immunity."); *Grossberger v. N.J. Div. of Law*, No. 21-12102, 2023 WL 7110619, at *3 (D.N.J. Oct. 17, 2023) (that the processing clerk was entitled to quasi-judicial immunity in connection with the handling of the plaintiff's submissions). Assuming the Clerk, or any other court officer, had any involvement in the alleged failure to provide Plaintiffs notice of the state courts orders, such action or inaction by the Clerk or other court personnel was not acting in their personal capacities; therefore, quasi-judicial immunity applies.

### iii. Sovereign Immunity Precludes Plaintiffs' Complaint

Similarly, Plaintiffs' claims against the Defendants must be dismissed because Defendants are also entitled to sovereign immunity. Section 1983 imposes liability on "[e]very *person*, who, acting under color of any statute, ordinance, regulation, custom, or usage, of any State," subjects a person to a deprivation of certain rights. 42 U.S.C. § 1983 (emphasis added).[8] However, "neither

---

relief is unavailable"). Plaintiffs fail to allege Defendant judges violated any such declaratory decree or that declaratory relief was unavailable.

[8] Plaintiffs' claims against the Clerk of the Superior Court also fail because of the Clerk's lack of personal involvement. Respondeat superior and vicarious liability do not provide a basis for liability under 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). A supervisor may be held liable under 42 U.S.C. § 1983 if the supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." *McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir. 2009); *see also A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) ("A supervisor may be personally liable…if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."). To sufficiently allege knowledge and acquiescence, a plaintiff must provide facts suggesting that the defendant supervisor "had contemporaneous, personal knowledge of [the alleged violation(s)] and acquiesced in it." *See, e.g., Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Here, the Clerk is located in Trenton, and not aware of and does not participate in the entry of orders from the

a State nor its officials acting in their official capacities are "persons" under § 1983." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). An action against a State agent in that agent's official capacity is considered an action against the State itself, not one against a "person." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012) ("[C]laims against the defendants in their official capacities, which are in essence claims against the [State], are barred by Eleventh Amendment immunity."). "The Eleventh Amendment of the United States Constitution protects a state or state agency from a suit brought in federal court by one of its citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007); *see also MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001) (the Eleventh Amendment protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought). Importantly, Congress has not abrogated the state's sovereign immunity with respect to § 1983. *See id.* ("Section 1983 does not abrogate states' immunity."). Similarly, "New Jersey has neither consented to suit nor has it waived its Eleventh Amendment immunity." *Thorpe*, 246 F. App'x at 87.

Here, Judges Ciarrocca, Walsh and Hudak are immune under the Eleventh Amendment. *Mosher v. New Jersey*, No. 06- 2526, 2007 WL 1101230, at *2 (D.N.J. Apr. 10, 2007) (finding Superior Court judges, sued for actions in their official capacity, are within the state's sovereign immunity under the Eleventh Amendment). Similarly, sovereign immunity extends to the Superior Court Clerk. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 F. App'x 146, 149 (3d Cir. 2013) (explaining that county courts are "clearly a part of the state of New Jersey,"

---

various vicinages by state court judges. Nor do Plaintiffs allege the Clerk entered, uploaded, or was responsible for transmittal of the state court orders to Plaintiffs.

thus, "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment"); *see also Dongon*, 363 F. App'x. 153, 156 (3d Cir. 2010) ("state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state.").

### iv. Plaintiffs Fourteenth Amendment Procedural Due Process Claim Fails as a Matter of Law

To state a procedural due process claim, the plaintiff must first demonstrate that "the interest [at stake] is one within the contemplation of the 'liberty or property language of the Fourteenth Amendment.'" *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014) (quoting *Jago v. Van Curen*, 454 U.S. 14, 17 (1981)). If the plaintiff plausibly alleges "that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it." *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (internal citations omitted). Thus, to state a claim, "a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Id.* "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Id.*

Here, Plaintiffs failed to avail themselves of the available state remedies. Plaintiffs allege they were not provided timely notice of the Orders dismissing their Complaints in the three State Court Lawsuits, and thus were prejudiced. However, Plaintiffs could have (1) filed Motions for Reconsideration, arguing that the time to do so should be relaxed or extended under the circumstances; (2) filed Motions to Vacate the Orders; or (3) sought leave to appeal the Orders out

14

of time, yet Plaintiffs did not utilize any of the preceding procedures. Since Plaintiffs did not pursue any of the available remedies, their Fourteenth Amendment due process claim lacks merit.

### v. Plaintiffs Fifth Amendment Due Process Claim Fails as a Matter of Law

The Fifth Amendment's due process clause applies only to federal actors, not state actors. *See Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983); *see also Myers v. County of Somerset*, 515 F. Supp.2d 492, 504 (D.N.J. 2007) (dismissing Fifth Amendment due process claims against state officials); *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005) ("In a due process claim brought under the Fifth Amendment, the 'State' in the state action analysis is the federal government.").

Here, the Defendant state court judges, state court clerk and the state court itself, are all state actors; therefore, the Fifth Amendment's due process clause does not apply.

Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### vi. Leave to Amend Would be Futile

The Court will not provide Plaintiffs leave to amend the Complaint. The Federal Rules of Civil Procedure generally require the Court to "freely give leave [to amend] when justice so requires," *i.e.*, allow for amendment when in the absence of any equitable reason to deny such an opportunity. Fed. R. Civ. P. 15. Courts also generally grant *pro se* plaintiffs, like Plaintiffs here, leave to amend where possible. *See Office of Executrix on behalf of Naqueen Unique Zaire Estate v. Hon. Jodi-Lee Alper, et al.*, No. 24-00541, 2024 WL 4648008, at *6 (D.N.J. November 1, 2024); *Gambrell v. Arias*, No. 14-6758, 2015 WL 13647384, at *1 (D.N.J. May 5, 2015) (stating that "[b]ased on Plaintiffs' *pro se* status, I will give them leave to amend their complaint"). Here, Plaintiffs amended their Complaint once, which added Defendant Judge Hudak. Any additional attempted amendment would be futile because of Defendants' judicial and quasi-judicial

15

immunity, Eleventh Amendment Sovereign Immunity, as well as incurable deficiencies regarding Plaintiffs Fifth and Fourteenth Amendment Due Process claims. *See Pydeski v. Aetna Ins. Co. Disability Servs.*, No. 18-15305, 2019 WL 13396864, at *2 (D.N.J. Sept. 4, 2019) (noting that "courts in this Circuit are required to grant a *pro se* Plaintiff leave to amend a deficient Complaint unless amendment would be inequitable or futile").

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiffs' Complaint and Amended Complaint (ECF No. 22) is **GRANTED**, Plaintiffs' Complaint and Amended Complaint are **DISMISSED with prejudice**. An appropriate Form of Order accompanies this Opinion.

**DATED**: November 13, 2024

_____
**JULIEN XAVIER NEALS**
**United States District Judge**